# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION | ) ) ) ) |

MDL No. 1792

## THIRD NOTICE OF RELATED ACTION

Pursuant to J.P.M.L. Rules 7.2(i) and 7.5(e), InPhonic, Inc. ("InPhonic") hereby notifies the Panel of the following potential "tag-along action"[1] in which InPhonic is a named defendant:

- *Heller v. InPhonic, Inc.*, Case No. 1:06-cv-01577 (D.D.C.) (filed September 11, 2006)[2]

This action purports to be a class action arising out of wireless phone rebates offered by or through InPhonic. The alleged common questions of fact that pertain to the purported class in the *Heller* Complaint overlap with, or duplicate, the alleged class-wide common questions in the complaints in *Davis v. InPhonic, Inc.*, Case No. 1:06-cv-00528 (D.D.C.) ("*Davis* action"), *Hongyi Yu, et al. v. InPhonic, Inc.*, Case No. 1:06-cv-00951 (D.D.C.) ("*Hongyi Yu* action"), *Rock, et al. v. InPhonic, Inc.*, Case No. 2:06-cv-02156 (D.N.J.); and *Sutherland v. InPhonic, et al.*, Case No. 06-cv-3281 (N.D. Ill.),

---

[1]    "A 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." J.P.M.L. Rule 1.1.

[2]    A copy of the *Heller* Complaint is attached hereto as Exhibit 1.

which are the subject of InPhonic's pending motion pursuant to 28 U.S.C. § 1407.[3] The *Heller* action has been assigned to the Honorable Ellen S. Huvelle of the United States District Court for the District of Columbia, as a case related to the *Hongyi Yu* action.[4]

Dated: September 14, 2006  
Washington, D.C.

Mitchell R. Berger  
Christopher W. Hellmich  
**PATTON BOGGS LLP**  
2550 M Street, NW  
Washington, DC 20037  
Telephone: (202) 457-6000  
Facsimile: (202) 457-6315

*Attorneys for Defendant InPhonic, Inc.*

---

[3]    *See* Memorandum in Support of Motion for Transfer and Consolidation of Related Cases Pursuant to 28 U.S.C. § 1407 by InPhonic, Inc., at 4 (Dkt. # 1). As such, the allegations contained in the *Heller* Complaint also overlap with, or duplicate, those made in the complaints in *Cover v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01560 (D. Ariz.); *Roquemore v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01664 (D. Ariz.); *Morales v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01671 (D. Ariz.), and *Salzman v. InPhonic, Inc., et al.*, Case No. 1:06-cv-01266 (D.D.C.) ("*Salzman* action"), which are also potential "tag-along actions." *See* Notice of Related Actions, filed July 10, 2006 (Dkt. # 3); Second Notice of Related Action, filed July 26, 2006 (Dkt. # 14).

[4]    *See* Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court, filed by plaintiff's counsel along with *Heller* Complaint, attached hereto as Exhibit 2. The *Davis* and *Salzman* actions are also designated as related to the *Hongyi Yu* action, and are pending before Judge Huvelle.

1

RECEIVED
CLERK'S OFFICE

2006 SEP 14 P 3: 56

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REBATE CASES** | ) | |
| | ) | |
| STANLEY J. HELLER | ) | |
| 21732 Old Barrington Rd. | ) | |
| Barrington, IL  60010-7506 | ) | **CLASS ACTION** |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| INPHONIC, INC. | ) | |
| 1010 Wisconsin Avenue, NW | ) | |
| Suite 600 | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Dr. Stanley J. Heller, individually and on behalf of all other persons similarly

situated, and on behalf of the General Public, brings this action against Defendant InPhonic, Inc.

(hereinafter "InPhonic") for violations of the District of Columbia Consumer Protection

Procedures Act §§ 28-3901 *et. seq.*, Illinois Consumer Fraud and Deceptive Business Practices

Act, breach of contract and unjust enrichment.

## NATURE OF THE ACTION

1.      Plaintiff brings this action for violations of the District of Columbia Consumer

Protection Procedures Act §§ 28-3901 *et. seq.*, Illinois Consumer Fraud and Deceptive Business

Practices Act,  815 ILCS §§ 505, *et. seq.*,  breach of contract and unjust enrichment against

InPhonic for the practices herein described.

1

2.    This action is brought against InPhonic on behalf of persons who purchased products from InPhonic through its own branded websites, including www.wirefly.com and www.A1wireless.com, and through websites that InPhonic created and managed for its subsidiaries and/or third parties and/or in partnership with third parties, including www.VMCsatellite.com and www.myrateplan.com, with mail-in rebate offers which InPhonic has refused to honor.  InPhonic manages its rebate offers through its own branded websites, including http://inphonic.rebatestatus.com and www.wireflyrebates.com.  The Class includes, but is not limited to, all persons who purchased products from InPhonic with rebates offered by InPhonic that were not honored, or which would not, as a matter of policy, have been honored.

## THE PARTIES

3.    Plaintiff Dr. Stanley J. Heller is a resident of Barrington, Illinois. On or about September 3, 2005, Plaintiff purchased two  PalmOne Treo 650 cellular phones (hereinafter referred to as "Treo phones") from the InPhonic partner website www.myrateplan.com.  Each phone was advertised and offered for sale by InPhonic on the website www.myrateplan.com as having a $100.00 rebate for Customer Loyalty and a $100 rebate for Voice and Data.  Although Plaintiff followed all required directions and procedures for obtaining these rebates totaling $400, and timely submitted his rebate requests to Inphonic, Plaintiff has not received his rebate checks.

4.    Defendant InPhonic is a publicly held Delaware Corporation with its principal place of business and corporate headquarters located at 1010 Wisconsin Avenue, Suite 600, Washington, D.C.  InPhonic specializes in the online sale of wireless services and devices throughout the United States.  InPhonic sells wireless service plans and devices through its own branded websites, including www.wirefly.com and www.A1wireless.com, and through websites

2

that InPhonic has created and managed for third parties and/or in partnership with third parties, including www.myrateplan.com.

5.    InPhonic openly represents to the public that www.wirefly.com and www.A1wireless.com are its online retail centers.  InPhonic openly represents to the public that http://inphonic.rebatestatus.com  and www.wireflyrebates.com are its rebate processing centers. The websites www.wirefly.com, www.A1wireless.com and www.wireflyrebates.com are maintained and operated by InPhonic's employees from Inphonic's offices located at 9301 Peppercorn Place, Largo Maryland 20774, and InPhonic has custody and control of the servers for such websites.  Indeed, InPhonic is authorized and has the ability to upload and alter content, including advertising, on the websites www.wirefly.com, www.A1wireless.com and www.wireflyrebates.com. InPhonic falsely advertises and sells the same products with the same advertised rebates in both its wholly-owned online retail stores, including www.wirefly.com and www.A1wireless.com, and the online retail stores of its third-party partners, including www.myrateplan.com.

### JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (2005). This Court also has jurisdiction over the Defendant because a substantial portion of the wrongdoing alleged in this Complaint took place in the District of Columbia and because the Defendant is authorized to do business here, has sufficient minimum contacts with the District of Columbia, and/or otherwise intentionally avails itself of the markets in this district through the promotion, marketing and sale of its services in this district, to render the exercise of

3

jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    This Court has subject matter jurisdiction over this action because the amount in controversy exceeds $5 million and the parties reside in diverse jurisdictions.

8.    Venue in this Court is proper because the Defendant resides within the federal district of this Court and the acts alleged herein emanated from the District of Columbia..

## CLASS ACTION ALLEGATIONS

9.    Plaintiff brings this class action on behalf of himself and on behalf of the following similarly situated class ("Class"):

> All persons who purchased one or more products and/or services
> from InPhonic's internet retail websites, including
> www.wirefly.com, www.A1wireless.com and
> www.wireflyrebates.com, and/or from one of InPhonic's
> subsidiary's or third-party partner websites, including
> www.VMCsatellite.com and www.myrateplan.com, which were
> advertised and/or offered for sale by InPhonic with rebates that
> were unavailable, unattainable and/or failed to be honored.

10.    The Class excludes Defendant, its subsidiaries, affiliates, dealers, officers, directors, members of Defendant's affiliates, officers, dealers' and directors' immediate families, any entities in which Defendant has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors and/or assigns of any of the individuals or entities mentioned in this paragraph, and any judge assigned to here this action.

11.    This action has been brought and may properly be maintained as a class action

4

pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4), 23(b)(1), (2) or (3), and case law thereunder.

12.    <u>Numerosity</u>: The members of the Class are so numerous that joinder of all the members would be impracticable.  Plaintiff estimates there are thousands of purchasers nationwide of the products and services at issue.

13.    <u>Existence and Predominance of a Common Questions of Fact and Law</u>:  There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

> a.    Whether InPhonic sells products and services with rebates that it will not honor;
>
> b.    Whether InPhonic made false or misleading statements of fact to the Class and the public concerning rebates of products advertised, offered and sold by InPhonic;
>
> c.    Whether InPhonic concealed from the Class and the public that these rebates would not be honored by InPhonic;
>
> d.    Whether, by its misconduct as set forth herein, InPhonic has engaged in unfair or unlawful business practices with respect to the advertising, marketing and sale of products and services with rebates;
>
> e.    Whether InPhonic has breached its contract to Plaintiff and the other Class members by offering for sale and selling products and services with rebates that are not honored;

      f.      Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, and other relief, and the amount and nature of such relief.

14.    <u>Typicality</u>:  The claims of Plaintiff are typical of the claims of the Class.  Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

15.    <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation.

16.    <u>Ascertainability</u>: The members of the Class are readily identifiable through InPhonic's records of customers who purchased a product or service that was advertised or offered with a rebate by InPhonic.  The objective characteristics and common transactional facts of InPhonic's actions and/or omissions as to the Class make the ultimate identification of Class members possible.

17.    <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

      a.      A class action is the only available method for the fair and efficient adjudication of this controversy.  The members of the Plaintiff Class are so numerous that joinder of all members is, at a minimum, impractical, and probably impossible;

      b.      The damages suffered by individual Class members are relatively small compared to the expense and burden of prosecuting this complex case against a well-financed corporation.  Consequently, this class action is the only way that

6

every Class member can redress the harm and damage caused by Defendant's conduct.

     c.    Should this Court require individual class members to bring separate actions, this Court would face a multiplicity of lawsuits which would unduly burden both the District of Columbia court system and the litigants. The prosecution of separate actions will create a risk of inconsistent rulings and contradictory judgments which might dispose of other Class members' interests who are not parties to the adjudication, thereby impeding and impairing Class members' ability to protect their interests. Inconsistent results will magnify the delay and expense to all parties and to the District of Columbia court system. By contrast, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

18.    In the alternative, this action is certifiable under the provisions Rule 23(b)(1)(2) and/or (b)(2) of the Federal Rules of Civil Procedure because:

     a.    The prosecution of separate actions by individual Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

     b.    The prosecution of separate actions by individual Class members will create a risk of adjudications with respect to the Class which might, as a practical matter, be dispositive of the interests of other Class members not parties to the

adjudications, or substantially impair other Class members' ability to protect their interests; and

c.      Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive relief with respect to all Class members.

19.     A class action will cause an orderly and expeditions administration of the claims of the Class.  Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

20.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## STATEMENT OF FACTS

21.     InPhonic advertises, offers and sells wireless service plans and devices through its own branded websites, including www.wirefly.com and www.A1wireless.com, and through websites that InPhonic created and managed for, or in partnership with, third parties, including www.myrateplan.com.  InPhonic conducts its business nationwide over the internet.  Plaintiff alleges that the deceptive, unfair and wrongful business practices of InPhonic, both at its internet stores and the internet stores of its subsidiaries and third-party partners, emanated from InPhonic's corporate headquarters in the District of Columbia.

22.     InPhonic lures customers onto its retail internet stores and the retail internet stores of its subsidiaries and third-party partners by offering for sale and selling wireless devices, in connection with wireless service activations, at significant discount in the form of a rebate.  InPhonic, through its  retail internet stores and the retail internet stores of its subsidiaries and third-party partners, commonly advertises and offers products with rebates which amount to a

8

20% to 100% discount on the purchase price of the product. In many instances, InPhonic advertises that the products will be "free after rebate", or that the cost of the product will be "$0" after rebate. In some instances, InPhonic's rebate incentive is greater than the purchase price for select products. InPhonic thus informs its customers that these are bargains too good to pass up. In this manner, InPhonic persuades consumers to purchase products from InPhonic and its subsidiaries and third-party partners, rather than its competitors, by advertising and offering products for sale at prices steeply discounted after rebate.

23.     The products offered for sale by InPhonic on its wholly owned websites, www.wirefly.com, and www.A1wireless.com, are the same as those for sale on the internet retail websites of its subsidiaries and third-party partners, including www.myrateplan.com. InPhonic is responsible for the content of the advertising on its Internet retail websites, including www.wirefly.com, and www.A1wireless.com, and the content of the advertising of its subsidiaries' and third-party partners' retail websites, including www.myrateplan.com, where Plaintiff purchased his products pursuant to the worthless rebates. Because InPhonic owns, operates, maintains and/or directs its own internet retail websites and the internet retail websites of its subsidiaries and third-party partners, including www.myrateplan.com, it is entirely responsible for the advertised rebate offers. Thus, all false advertising giving rise to Plaintiff's claims emanated from InPhonic, which is based in the District of Columbia.

24.     At all relevant times, InPhonic knew, or should have known, that it would not honor many of the rebates which InPhonic advertises on its own internet retail websites and the internet retail websites of its subsidiaries and third-party partners.

25.     InPhonic administers the rebates for products purchased at its internet retail websites and the internet retail websites of its subsidiaries and third-party partners. InPhonic employs staff purportedly responsible for facilitating the payment of rebates for such products.

InPhonic provides rebate forms on its internet retail websites and the internet retail websites of its subsidiaries and third-party partners. The rebates offered and advertised by InPhonic usually range from approximately $20 to $200, and in some instances are $75 *in excess* of the products' purchase price. These advertised rebates purport to offer a substantial savings over the same or similar products offered by InPhonic's competitors.

26.    In order to be eligible to receive a rebate check on wireless services and products purchased from InPhonic and its subsidiaries and third-party partners, the customer must wait 150 days after activating a wireless service plan before submitting the rebate request. The customer then has a narrow 30 day window to complete the rebate request, which requires the customer to provide InPhonic with, *inter alia*, copies or printouts of online bills that show the date of invoice, customer name, mobile phone number, wireless service account number, and proof of payment in full of the wireless service account. Customers are informed on the rebate forms to expect to wait several additional months before receiving their rebate checks.

27.    Once the customers realize that the rebates on products and services purchased from InPhonic and/or its subsidiaries and third-party partners will not be honored, they are unable to return the products for refund or credit.

28.    Sales receipts for products purchased from InPhonic and/or its subsidiaries and third-party partners state that items not in new condition will not be accepted for return. Moreover, in order to return a product, customers must request a Return Merchandise Authorization (RMA) number typically within 15 days of activation of the products.

29.    Thus, consumers who purchase products from InPhonic and/or its subsidiaries and third-party partners pursuant to the worthless rebates are left without a remedy. They cannot return the product to InPhonic or its subsidiaries/ third-party partners for a refund or credit. They are left with a product for which they overpaid.

10

30.     InPhonic, nevertheless, offers and sells products pursuant to the worthless rebates because it is a form of price competition and a means of generating sales for InPhonic.

31.     On or about September 3, 2005, Plaintiff purchased two Treo phones from the internet retail website www.myrateplan.com, for which InPhonic is a fulfillment partner.  The Treo phones were advertised in print on www.myrateplan.com as available for $399.99 with a $100 mail-in rebate for Customer Loyalty and another $100 mail in rebate for Bonus Voice and Data.  Through these written advertisements on www.myrateplan.com, InPhonic invited offers to purchase from the public, including Plaintiff.  Plaintiff offered to purchase two Treo phones for the advertised price with the rebates (*i.e.*, a total of $400 in rebates), and InPhonic accepted to fulfill Plaintiff's offer.  Plaintiff consequently paid www.myrateplan.com $799.98, plus shipping and handling for the two Treo phones.

32.     On or about February 7-8, 2006, and March 9, 2006, Plaintiff timely mailed his four completed rebate forms for the Treo phones with all required information to InPhonic's rebate processing center.  Although Plaintiff is supposed to receive $400 in rebate checks, he has not received payment for any of his rebates.

33.     On or about June 3, 2006, Plaintiff emailed InPhonic regarding the status of his four rebates totaling $400.

34.     On or about June 5, 2006, InPhonic responded to Plaintiff by email, confirming that his four rebates were successfully entered on March 16, 2006, and to allow 10 to 12 weeks from this date for processing.

35.     On June 12, 2006, Plaintiff emailed InPhonic stating that 12 weeks, in fact, had passed from the rebate entry date of March 16, 2006.  Thus, in accordance with InPhonic's representations, Plaintiff's rebates should have been processed by this time.

36.     On June 13, 2006, InPhonic responded to Plaintiff by email stating that Plaintiff's

11

rebates had been approved, were currently being processed and a check would be mailed upon completion of processing.

37.    On June 29, 2006, Plaintiff emailed InPhonic inquiring as to the status of his rebates.

38.    On June 30, 2006, InPhonic responded to Plaintiff by email stating that Plaintiff's rebates were now in the final check approval process and to allow another 3 to 4 weeks for processing.

39.    To date, Plaintiff has not received payment for any of his rebates from InPhonic.

## FIRST CAUSE OF ACTION

### District of Columbia Consumer Protection Act

### Violation of District of Columbia Code §§ 28-3901 *et. seq.* Against InPhonic, Inc.

40.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

41.    The District of Columbia Consumer Protection Procedures Act applies to Defendant's actions and conduct herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

42.    Plaintiff and each member of the Class are "consumers" within the meaning of Section 28-3901(a)(2) of the District of Columbia Code.

43.    The products that Plaintiff and each other member of the Class purchased from InPhonic's internet retail websites and the internet retail websites of its subsidiaries and third-party partners, including www.myrateplan.com, are "goods" within the meaning of Section 28-3901(a)(7) of the District of Columbia Code.

44.    InPhonic advertises, offers for sale and sells products with rebates on its own internet retail websites and the retail websites of its subsidiaries and third party partners.

InPhonic also administers these rebates. At all relevant times, InPhonic knew, or should have known, that such rebates would not be honored. InPhonic's actions constitute omissions and concealment of material facts that are unfair, deceptive and misleading business practices in violation of Section 28-3904 of the District of Columbia Code.

45.    The conduct described above is unlawful pursuant to District of Columbia Code 28-3904(a), (e), (f), (h), (j), and (l) by way of InPhonic's:

   a.    Representing that goods have benefits they do not have (District of Columbia Code 28-3904(a));

   b.    Misrepresenting a material fact which has a tendency to mislead concerning reasons for, existence of or amounts of price reductions (District of Columbia Code 28-3904(e));

   c.    Failing to state a material fact which tends to mislead concerning reasons for, existence of or amounts of price reductions (District of Columbia Code 28-3904(f));

   d.    Advertising goods with intent not to sell them as advertised (District of Columbia Code 28-3904(h));

   e.    Making false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions (District of Columbia Code 28-3904(j));

   f.    Falsely representing that the consumer will receive a rebate, discount or other economic benefit. (District of Columbia Code 28-3904(l)).

46.    InPhonic's deceptive acts and omissions occurred in the course of selling a consumer product and have occurred continuously through the filing of this Complaint.

47.    Pursuant to District of Columbia Code Section 28-3905(k)(1)(D), the Court may

impose injuctive relief against any conduct that constitutes unlawful trade practices pursuant to District of Columbia Code Section 28-3901, *et. seq.*

48.     By engaging in the above described acts and practices, InPhonic has committed one or more acts of unlawful trade practices within the meaning of the District of Columbia's Consumer Protection Procedures Act.

49.     As a direct and proximate cause of InPhonic's violation of the District of Columbia Code Section 28-3901, *et. seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary damages. Plaintiff, on behalf of the Class, seeks all relief allowed under the District of Columbia's Consumer Protection Procedures Act, District of Columbia Code Section 28-3901, *et. seq.*

## SECOND CAUSE OF ACTION

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

### Violation of Illinois Business Transactions Code, 815 ILCS §§ 505, *et. seq.*

### Against InPhonic, Inc.

50.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

51.     The Illinois Consumer Fraud and Deceptive Business Practices Act applies to Defendant's actions and conduct herein because it extends to transactions that are intended to result, or which have resulted, in the sale of merchandise to consumers.

52.     Plaintiff and each member of the Class are "consumers" within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1(e).

53.     The products that Plaintiff and each other member of the Class purchased from InPhonic's internet retail websites and the internet retail websites of its subsidiaries and third-party partners, including www.myrateplan.com, are "merchandise" within the meaning of the

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1(b).

54.    InPhonic advertises, offers for sale, and sells products with rebates, and administers these rebates, when at all relevant times, InPhonic knew, or should have known, that such rebates would not be honored. InPhonic's actions constitute omissions and concealment of material facts that are unfair, deceptive and misleading business practices in violation the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2:

> Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment of
> any deception fraud, false pretense, false promise,
> misrepresentation or the concealment, suppression or omission of
> any material fact, with intent that others rely upon the concealment,
> suppression or omission of such material fact, or the use or
> employment of any practice described in Section 2 of the "Uniform
> Deceptive Trade Practices Act", approved August 5, 1965, in the
> conduct of any trade or commerce are unlawful whether any person
> has in fact been misled, deceived or damaged.   815 ILCS 505/2.

55.    The conduct described above is unlawful pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 by way of InPhonic's:

> a.    Advertising goods with intent not to sell them as advertised ((Illinois
> Uniform Deceptive Trade Practices Act, 815 ILCS 505/2(9) );
>
> b.    Making false or misleading representations of fact concerning the reasons
> for, existence of, or amounts of price reductions (Illinois Uniform Deceptive
> Trade Practices Act, 815 ILCS 505/2(11) ); and
>
> c.    Engaging in any other conduct which similarly creates a likelihood of

confusion or misunderstanding. (Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 505/2(12)).

56.    InPhonic's deceptive acts and omissions occurred in the course of selling merchandise and have occurred continuously through the filing of this Complaint.

57.    Pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10(c), the Court may impose injuctive relief against any conduct that constitutes unlawful trade practices pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et. seq.*

58.    By engaging in the above described acts and practices, InPhonic has committed one or more acts of unlawful business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act.

59.    As a direct and proximate cause of InPhonic's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et. seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary damages. Plaintiff, on behalf of the Class, seeks all relief allowed under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et. seq.*

## THIRD CAUSE OF ACTION

### Breach of Contract Against InPhonic, Inc.

60.    Plaintiff incorporates by reference all preceding paragraphs as if fully set for the herein and further alleges as follows:

61.    Plaintiff brings this cause of action on behalf of himself and all other similarly situated persons.

62.    By placing products for sale with advertised rebates on its internet retail websites and the internet retail websites of its subsidiaries and third-party partners, InPhonic invites the

consuming public, including Plaintiff, to make offers to purchase such products with the advertised rebates. Implicit in this offer is that the rebates offered and advertised on such products are valid and obtainable.

63.     On or about September 3, 2005, Plaintiff offered to purchase from www.myrateplan.com, an internet retail website for which InPhonic is the third-party fulfillment partner, two Treo phones with wireless service agreements. Each Treo phone was advertised and offered for sale by InPhonic on www.myrateplan.com as having two $100.00 rebates. Plaintiff placed his order for two Treo phones with a total of $400 in rebates on www.myrateplan.com

64.     On or about September 3, 2005, www.myrateplan.com and its fulfillment partner, InPhonic, accepted Plaintiff's offer to purchase the two Treo phones with a total of $400 in rebates by charging his credit card for this purchase in the amount of $399.99 for each phone, for a total of $788.98 plus shipping and handling.

65.     Contracts thus arose between InPhonic and Plaintiff. InPhonic was bound to perform pursuant to such contracts by providing Plaintiff with the products and their advertised rebates.

66.     Although InPhonic has confirmed in writing that Plaintiff's rebate requests were properly and timely submitted, Plaintiff has not received his rebate checks. The products were not reduced in price after rebate (excluding shipping and handling) as InPhonic had promised Plaintiff.

67.     InPhonic thus has breached its contract with Plaintiff by failing to honor the advertised rebates and by failing to provide the products pursuant to its written advertisements and offer of sale.

68.     As a result, Plaintiff paid more for his product than Plaintiff was required to pay pursuant to his contract with InPhonic.

69.    Because of InPhonic's breach of contract, Plaintiff and the other members of the

Class have suffered damages in an amount to be determined at trial.


### FOURTH CAUSE OF ACTION

### Unjust Enrichment Against InPhonic, Inc.

70.    Plaintiff incorporates by reference all preceding paragraphs as if fully set for the

herein and further alleges as follows:

71.    Plaintiff brings this cause of action on behalf of himself and all persons similarly

situated.

72.    To attract customers, InPhonic advertises and represents on its internet retail

website and the internet retail websites of its subsidiaries and third-party partners that certain

products are available for sale with rebates from InPhonic.  Often these advertised rebates

represent substantial savings off the purchase price for products sold by InPhonic.

73.    When a customer purchases such a product from InPhonic and/or its subsidiaries

and third party partners, the customer must pay the total purchase price for the product, not

including the deduction for the advertised rebate.  InPhonic thereby obtains the benefit of

advertising products for sale at a lower price, while collecting the full retail price from the

customer at the point of sale.

74.    Although InPhonic represented to Plaintiff and each other Class member that they

would be able to obtain a rebate for products purchased from InPhonic and/or its subsidiaries and

third party partners, InPhonic failed to provide the promised rebates, thus retaining the full retail

price which Plaintiff and each other Class member paid for these products.

75.    For example, on or about September 3, 2005, Plaintiff purchased two Treo phones

from the internet retail website www.myrateplan.com, for which InPhonic is a fulfillment

partner. The Treo phones were advertised by InPhonic on www.myrateplan.com as available for $399.99 with a $100 mail-in rebate for Customer Loyalty and another $100 rebate for Bonus Voice and Data (*i.e.*, a total of $400 in rebates). In reliance upon these rebate representations, Plaintiff purchased two Treo phones and accompanying wireless services from www.myrateplan.com and paid www.myrateplan.com $799.98 plus shipping and handling.

76.    On or about February 7-8, 2006 and March 9, 2006, Plaintiff timely mailed his four completed rebate forms for the two Treo phones and all required information to InPhonic's rebate processing center. Although InPhonic confirmed that Plaintiff's four rebates for the two Treo phones were timely and properly submitted, Plaintiff has not received any payment for his rebates.

77.    Plaintiff has been damaged by (1) paying the full retail price for the two Treo phones, which were advertised and offered for sale by InPhonic on www.myrateplan.com. as having valid and obtainable rebates, and (2) not receiving any money for the rebates. InPhonic had been unjustly enriched by retaining the monies that the Plaintiff paid to www.myrateplan.com for the full retail price of the two Treo phones and failing to honor the rebates which it advertised for these products.

78.    As a result of its practices described above, InPhonic has and is continuing to derive profits and revenues resulting from its false, misleading, deceptive, unfair and inequitable conduct. It would be inequitable for InPhonic to be permitted to retain any of the proceeds derived as a result of its unlawful conduct.

79.    InPhonic should be compelled to provide restitution to the Plaintiff and the other Class members and/or to disgorge into a common fund or constructive trust for the benefit of Plaintiff and the Class, all proceeds received by it from any unlawful or inequitable act described in this Complaint which has inured and continues to inure to the unjust enrichment of InPhonic.

19

80.    InPhonic should also be enjoined from continuing to engage in any unlawful or inequitable act alleged in this Complaint.

81.    Plaintiff and the Class have no adequate remedy at law for their irreparable injuries caused by InPhonic's inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and all others similarly situated, pray for a judgment against InPhonic, Inc. on all counts as follows:

As to the FIRST CAUSE OF ACTION - DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT [District of Columbia Code §§ 28-3901 *et. seq.*],

1.    For an Order certifying the proposed class herein under Federal Rule of Civil Procedure Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent the class;

2.    For damages under statutory and common law as alleged in this complaint;

3.    For attorneys' fees;

4.    For punitive/exemplary damages;

5.    For preliminary and permanent injunctive relief as alleged herein;

6.    For pre-judgment interest;

7.    For costs of this suit; and

8.    For any relief the Court deems just and equitable.

As to the SECOND CAUSE OF ACTION - ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT [Violation of Illinois Business Transactions Code, 815 ILCS §§ 505, *et. seq.*]

1.    For an Order certifying the proposed class herein under Federal Rule of Civil Procedure Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent the

class;

    2.      For damages under statutory and common law as alleged in this complaint;

    3.      For attorneys' fees;

    4.      For preliminary and permanent injunctive relief as alleged herein;

    5.      For pre-judgment interest;

    6.      For costs of this suit; and

    7.      For any relief the Court deems just and equitable.

As to the THIRD CAUSE OF ACTION - BREACH OF CONTRACT,

    1.      For an Order certifying the proposed class herein under Federal Rule of Civil Procedure Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent the class;

    2.      For damages under statutory and common law as alleged in this complaint;

    3.      For pre-judgment interest;

    4.      For costs of this suit; and

    5.      For any relief the Court deems just and equitable.

As to the FOURTH CAUSE OF ACTION - UNJUST ENRICHMENT

    1.      For an Order certifying the proposed class herein under Federal Rule of Civil Procedure Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent the class;

    2.      For damages under statutory and common law as alleged in this complaint;

    3.      For pre-judgment interest;

    4.      For costs of this suit; and

    5.      For any relief the Court deems just and equitable.

Dated: September 11, 2006                    Respectfully submitted,


Gary E. Mason
The Mason Law Firm, P.C.
1225 19th Street, NW
Suite 500
Washington, DC 20036
(202) 429-2290
(202) 429-2294 (Fax)


Oren Giskan
Catherine Anderson
Giskan & Solotaroff
207 West 25th Street
4th Floor
New York, NY 10001
(212) 475-0099

Daniel Lynch
Law Offices of Daniel Lynch
150 South Wacker Drive
Suite 2600
Chicago, IL  60606
(312) 346-8700


Counsel for Plaintiff

2

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

## NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
### IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 405(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I.  **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).**

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

- [ ] (a)  relates to common property
- [x] (b)  involves common issues of fact
- [ ] (c)  grows out of the same event or transaction
- [ ] (d)  involves the validity or infringement of the same patent
- [ ] (e)  is filed by the same pro se litigant

2.  **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case: [ ]

3.  NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

_____

4.  CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

Yu _____ v. InPhonic, Inc _____ C.A. No. 1:06CV951

September 11, 2006
DATE

Signature of Plaintiff /Defendant (or counsel)

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, a copy of the foregoing Third Notice of Related

Action, and accompanying exhibits, was served pursuant to J.P.M.L. Rules 5.12(a) and 5.2(a), by

first-class mail upon:


John A. Peca
Keith T. Vernon
John R. Climaco
Joseph P. Fegen
P. Wesley Lambert
**CLIMACO, LEFKOWITZ, PECA,
WILCOX & GAROFOLI CO., L.P.A.**
888 16th Street, NW, Suite 800
Washington, DC 20006
    *Attorneys for Plaintiff Edwin Davis*

David P. Meyer
Patrick G. Warner
**DAVID P. MEYER & ASSOC. CO., LPA**
401 N. Front Street, Suite 350
Columbus, OH 43215
    *Attorneys for Plaintiff Edwin Davis*

Steven N. Berk
Jonathan W. Cuneo
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, DC 20002
    *Attorneys for Plaintiffs Hongyi Yu
    and Barbara McGivney*

Knoll Lowney
**SMITH & LOWNEY**
2317 E. John Street
Seattle, WA 98112
    *Attorney for Plaintiffs Hongyi Yu
    and Barbara McGivney*

Kevin P. Roddy
Jennifer Sarnelli
**WILENTZ, GOLDMAN & SPITZER**
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095

*Attorneys for Plaintiffs Hongyi Yu*
*and Barbara McGivney*

William F. Mahoney
Steven A. Hart
Scott W. Henry
Scott J. Vold
**SEGAL McCAMBRIDGE SINGER**
**& MAHONEY, LTD.**
One IBM Plaza, Suite 200
330 N. Wabash Ave.
Chicago, IL 60611
    *Attorneys for Plaintiffs Ryan Sutherland,*
    *and Joshua Pevnick*

Barry R. Eichen
**EICHEN LEVINSON**
**& CRUTCHLOW, LLP**
40 Ethel Road
Edison, NJ 08817
    *Attorney for Plaintiff Paul Rock*

Stephen M. Garcia
Sarina M. Hinson
**THE GARCIA LAW FIRM**
One World Trade Center, Suite 1950
Long Beach, CA 90831
    *Attorneys for Plaintiffs Walter Cover,*
    *Luis Morales, and Joshua Pevnick*

Patrick J. McGroder III
Robert W. Boatman
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, AZ 85016
    *Attorneys for Plaintiff Melinda Roquemore*

Bruce L. Simon
**COTCHETT, PITRE, SIMON**
**& McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
    *Attorney for Plaintiffs Luis Morales*
    *and Shelly Salzman*

Mark P. Friedlander, Jr.
**FRIEDLANDER, FRIEDLANDER &
EARMAN, P.C.**
1364 Beverly Road, Suite 201
McLean, VA 22101
*Attorney for Plaintiff Shelly Salzman*

Harvey Rosenfield
Pamela Pressley
**FOUNDATION FOR TAXPAYER AND
CONSUMER RIGHTS**
1750 Ocean Park Boulevard, Suite 200
Santa Monica, CA 90405
*Attorneys for Plaintiff Shelly Salzman*

Larry Jay Crown
**JENNINGS HAUG & CUNNINGHAM LLP**
2800 North Central Avenue
Suite 1800
Phoenix, AZ 85004
*Attorney for Jonathan Feldman*

Gary E. Mason
**THE MASON LAW FIRM, P.C..**
1225 19th Street, NW
Suite 500
Washington, DC 20036
*Attorney for Plaintiff Stanley J. Heller*

Oren Giskan
Catherine Anderson
**GISKAN & SOLOTAROFF**
207 West 25th Street
4th Floor
New York, NY 10001
*Attorney for Plaintiff Stanley J. Heller*

Daniel Lynch
**LAW OFFICES OF DANIEL LYNCH**
150 South Wacker Drive
Suite 2600
Chicago, IL 60606
*Attorney for Plaintiff Stanley J. Heller*

Scott J. Stein
**SONNENSCHEIN, NATH
& ROSENTHAL, LLP**

2398 East Camelback Road, Suite 1060
Phoenix, Arizona 85016
*Attorney for Defendant*
*Continental Promotion Group, Inc.*

John I. Grossbart
David C. Jacobson
Katharine Elizabeth Stanton
**SONNENSCHIEN, NATH**
**& ROSENTHAL, LLP**
233 South Wacker Drive
8000 Sears Tower
Chicago, Illionois 60606
*Attorneys for Defendant*
*Continental Promotion Group, Inc.*

Jason Twining